THE STATE EX REL. HOFFMAN, Respondent, vs. SHEA, Town Clerk, etc., Appellant.

*November 3 — November 22, 1887.*

MANDAMUS.    *(1) Proceedings, how instituted.    (2) Answer by town chairman to rule upon clerk.*

1. When there is likely to be an issue upon the facts, the proceeding for a writ of *mandamus* should be instituted by an alternative writ.
2. An answer by the chairman of the town board to a rule that the town clerk show cause why a peremptory writ of *mandamus* should not issue to compel him to insert a certain judgment in the tax roll for collection, is not sufficient.

APPEAL from the Circuit Court for *Wood* County.

The facts will sufficiently appear from the opinion. Upon the filing of the defendant's answer the circuit court rendered judgment awarding the peremptory writ of *mandamus*. The defendant appealed.

The cause was submitted for the appellant on the brief of *Cate, Jones & Sanborn,* and for the respondent on that of *Gardner & Gaynor.*

For the appellant it was contended that the sole question presented on the appeal was: Had the court below power to direct the appellant to insert in the tax roll of his town for collection, the unpaid balance on this judgment, when in fact the judgment had already been inserted in the tax roll for previous years for collection, and collected, but only a part of the proceeds paid to the judgment creditor? To the point that no such power existed, counsel cited *State ex rel. Clark v. Davenport,* 12 Iowa, 335; *State ex rel. Burns v. Elba,* 34 Wis. 169; *State ex rel. Mills v. Kispert,* 21 id. 387; *State ex rel. Sup't v. Hammell,* 31 N. J. Law, 446; *People ex rel. Baker v. Haws,* 36 Barb. 59; *State ex rel. Lord v. Washington Co.* 2 Pin. 555; *State ex rel. Pfister v. Manitowoc,* 52 id. 423; R. S. sec. 985.

Orton, J. This is a proceeding for a peremptory writ of *mandamus* against the appellant, to compel him, as clerk of the town of Remington, in the county of Wood in this state, to insert in the tax roll for collection a certain judgment against said town rendered in the circuit court of the United States for the western district of Wisconsin on the 28th day of September, 1875, in favor of the Muscatine National Bank, of $839.50, damages and costs, and afterwards assigned to the respondent.

The proceeding was instituted by a rule to show cause, upon the affidavits of the respondent's attorney, and there has been no alternative writ. This practice can be sanc-

tioned only when there is no controversy or dispute about the facts, as in this case; but where there is likely to be an issue on the facts, the proceeding should be instituted by an alternative writ in the first place. *State ex rel. Taylor v. Delafield*, 64 Wis. 218.

In this case the proceedings subsequent to the rule to show cause appear to have been very irregular. There is no answer to the rule by the appellant, as clerk of the town, in any form, and consequently there is no admission or denial of the facts stated in the affidavit upon which the rule to show cause was allowed, and there is really a default on his part, and a peremptory writ would follow as a matter of course.

One W. H. Bondin, as chairman of the board of supervisors of said town, made answer to said rule to show cause under oath, and misrecited the rule as having been made for an order or *mandamus directing said town to collect* the balance claimed to be due on said judgment. He states therein that his affidavit is made on behalf of said appellant, but it is in no sense the answer of said appellant, and it could not supply the want of an answer by the appellant. Certain facts are stated in said affidavit, but whether the appellant is bound by such statement, *quære?* Such loose and irregular practice in so important a proceeding, if tolerated in this instance, ought not to be encouraged.

The facts stated in said affidavit are as follows: "It appears from the tax roll of said town the collector of taxes for the year 1875 was directed to collect, to pay judgments against said town, $1,487.69, and that said amount was fifty-two per cent. of all the taxes ordered to be collected for that year, and that the whole amount collected for that year for all purposes was $1,448.14, as appears from the collector's roll, being fifty-two per cent. of all the said taxes ordered to be collected for that year, and that the proportion applied to said judgment amounted to $753, and, as

the deponent was informed and believed, no other judgments except the judgment in this action aforesaid were included in said amount ordered to be collected to pay judgments against said town, and that, as appears by the application herein, $867.07 has been received by the plaintiff in said action upon the judgment aforesaid." It is denied in said affidavit that anything is due on said judgment. In respect to this last denial, it was conceded on the hearing by the appellant's counsel that there was the amount yet due on said judgment, as alleged in the affidavit of the attorney for the respondent, to wit, $327, including interest to January 31, 1887. This answer, if it can be called an answer of the appellant, it being merely the affidavit of a stranger to the record, evades the real fact which it evidently seeks merely to suggest or insinuate — that this judgment had already been placed upon the tax roll and collected in the year 1875. The affidavit states that the sum of $1,487.69 was placed on the tax roll of that year to pay judgments generally, and that the affiant is informed and believes that no other judgment except this one was included in the amount so ordered to be collected. Whether this judgment was placed upon that tax roll any one can know with certainty by consulting the tax roll or record of that year, for the statute (sec. 1075, R. S.) clearly contemplates that judgments against towns should be placed on the tax roll in separate columns, opposite the valuation of the property to be charged. The statements in relation to judgments being placed in the tax roll of that year, and that this judgment was the only one, are contradictory, besides being made on information and belief, when the deponent ought to have known the fact to be true or not. But the amount collected, according to this affidavit, was less than the judgment, and that is sufficient. If this judgment had ever been placed upon the tax roll and collected, it might have been easily and clearly proved, and it is not even al-

leged in the affidavit. What would be the right of the respondent if the judgment had been collected and the town or its treasurer refused to pay it over, we need not inquire, for there is no proof or allegation that it has ever been so collected. It is too clear for argument that the respondent was entitled to the judgment awarding the peremptory writ of *mandamus*.

*By the Court.*— The judgment of the circuit court is affirmed.

